CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE CHUQUI,                                                                      :   Case No. 21-CV-234
                                                                                              :
                                     Plaintiff,                                       :
                                                                                              :
        -against-                                                                    :   **FLSA COMPLAINT**
                                                                                              :
JARRITOS INC. d/b/a TRES AMIGOS MEXICAN    :
GRILL, CHALUPA MEXICAN GRILL, INC. d/b/a     :   Jury Trial Demanded
CHALUPA MEXICAN GRILL, SEGUNDO C. CARCHI, :
MANUEL AGUAIZA, and JOSE CARCHI-GOMEZ,  :
                                                                                              :
                                    Defendants.                                 :
-------------------------------------------------------------------X

Plaintiff JOSE CHUQUI (hereinafter, "Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants JARRITOS INC. d/b/a TRES AMIGOS MEXICAN GRILL ("JARRITOS INC."), CHALUPA MEXICAN GRILL, INC. d/b/a CHALUPA MEXICAN GRILL ("CHALUPA MEXICAN GRILL, INC.") (collectively, the "Corporate Defendants"), SEGUNDO C. CARCHI, MANUEL AGUAIZA, and JOSE CARCHI-GOMEZ (collectively, the "Individual Defendants") (the Corporate Defendants and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premiums for each day that his shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Suffolk County, New York.

6. Defendant, JARRITOS INC., is a domestic business corporation organized under the laws of the State of New York, which has a principle place of business at 99 Broadway, Greenlawn, New York 11740.

7. Defendant, JARRITOS INC., owns and operates a Mexican restaurant doing business as "Tres Amigos Mexican Grill," located at 99 Broadway, Greenlawn, New York (the "Tres Amigos Restaurant").

8. Defendant, CHALUPA MEXICAN GRILL, INC., is a domestic business corporation organized under the laws of the State of New York, with a principle place of business at 319 Broadway, Huntington Station, New York 11746.

9. Defendant, CHALUPA MEXICAN GRILL, INC., owns and operates a Mexican restaurant doing business as "Chalupa Mexican Grill," located at 319 Broadway, Huntington Station, New York (the "Chalupa Restaurant").[1]

10. The Individual Defendants are the officers, owners, shareholders, directors, supervisors, managing agents, and/or proprietors of the Corporate Defendants, who actively participate in the day-to-day operations of the Restaurants and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

11. The Individual Defendants jointly exercise control over the terms and conditions of their employees' employment in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

---

[1] The Tres Amigos Restaurant and the Chalupa Restaurant are collectively referred to herein as the "Restaurants."

12. The Individual Defendants are present on the premises of the Restaurants on a daily basis, actively supervise the work of the employees, and mandate that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by them.

13. Upon information and belief, at least within the three (3) most recent years relevant to the allegations contained herein, the Corporate Defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

14. Defendants employed Plaintiff from in or about 2012 until in or about November 2018 to work as a non-exempt cook, food preparer, and dishwasher at the Restaurants.

15. The work performed by Plaintiff was directly essential to the businesses operated by Defendants.

16. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

17. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

18. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premiums in direct contravention of the New York Labor Law.

19. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

20. The Individual Defendants actively participate in the day-to-day operation of the Restaurants. For instance, the Individual Defendants personally supervise and direct the work of the employees, instruct the employees how to perform their jobs, and correct and/or reprimand the employees for errors made.

21. The Individual Defendants jointly create and approve all crucial business policies, and jointly make decisions concerning the location where the employees are to work, number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

22. The Corporate Defendants are associated as a single enterprise, utilizing Plaintiff in a fungible and interchangeable manner as workers in the businesses operated by the Defendants.

23. The Corporate Defendants each engage in related activities, namely, providing restaurant services to the general public for profit. The Corporate Defendants shared Plaintiff, acted in the interest of each other with respect to employees, paid their employees by the same plan or scheme, and are under common control.

24. The Corporate Defendants are controlled by the same owner or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

25. Upon information and belief, the Individual Defendants owned, operated, and/or managed a Mexican restaurant doing business as "Three Amigos Mexican Grill" at 508B Larkfield Road, East Northport, New York (the "Northport Restaurant").

26. Upon information and belief, the Individual Defendants sold the Northport Restaurant sometime in or about mid-2016.

27. In or about 2012, the Individual Defendants hired Plaintiff to work at the Northport Restaurant as a food preparer/kitchen helper.

28. Neither at the time of his hire nor anytime thereafter did the Individual Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and his corresponding overtime rate of pay.

29. Plaintiff continued to work in that capacity until in or about mid-2016, at which time the Individual Defendants sold the Northport Restaurant to a third party.

30. Plaintiff was not required to punch a time clock or other time-recording device to track his work hours at the beginning and end of each work shift throughout the entirety of his employment at the Northport Restaurant.

31. From the beginning of the relevant six (6) year limitations period beginning in January 2015 and continuing through in or about mid-2016, while working at the Northport Restaurant, Plaintiff worked six (6) days per week, and his work shift consisted of eleven and one-half (11½) hours per day from 10:00 a.m. until 9:30 p.m.

32. From the beginning of the relevant six (6) year limitations period beginning in January 2015 and continuing through in or about mid-2016, while working at the Northport Restaurant, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $680 per week straight time

6

for all hours worked, and worked sixty-nine (69) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33. In or about February 2018, Defendants hired Plaintiff to work at the Tres Amigos Restaurant as a non-exempt food preparer/kitchen helper.

34. Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and his corresponding overtime rate of pay.

35. Plaintiff continued to work in that capacity until in or about April 2018, at which time Defendants transferred Plaintiff to work at the Chalupa Restaurant.

36. Plaintiff was not required to punch a time clock or other time-recording device to track his work hours at the beginning and end of each work shift throughout the entirety of his employment at the Tres Amigos Restaurant.

37. From the beginning of his employment in or about February 2018 and continuing through in or about April 2018, while working at the Tres Amigos Restaurant, Plaintiff worked five (5) days per week, and his work shift consisted of twelve (12) hours per day three (3) times per week from 9:30 a.m. until 9:30 p.m.; and seven (7) hours per day two (2) times per week from 9:30 a.m. until 4:30 p.m.

38. During this period, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $314 per week straight time for all hours worked, and worked fifty (50) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

39. During this time, Plaintiff was also instructed to assist in the maintenance, construction, and renovation of the Chalupa Restaurant two (2) times per week from 4:30 p.m. until 9:30 p.m.

40. Defendants entirely failed to pay Plaintiff any wages for the performance of these ten (10) hours of work per week.

41. In or about May 2018, Defendants hired Plaintiff to work at the Chalupa Restaurant as a non-exempt food preparer/kitchen helper, cook, and dishwasher.

42. Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and his corresponding overtime rate of pay.

43. Plaintiff continued to work in those capacities until in or about November 2018.

44. Plaintiff was not required to punch a time clock or other time-recording device to track his work hours at the beginning and end of each work shift throughout the entirety of his employment at the Chalupa Restaurant.

45. Throughout the entirety of his employment at the Chalupa Restaurant, Plaintiff worked seven (7) days per week, and his work shift consisted of twelve (12) hours per from 9:30 a.m. until 9:30 p.m.

46. During this period, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $200 per week (despite being promised more) straight time for all hours worked, and eighty-four (84) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

47. Regardless of which restaurant location Plaintiff was assigned to work, Defendants failed to provide Plaintiff with written wage statements during each pay period, which sets forth his gross wages, deductions, and net wages.

48. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff either the FLSA minimum wage or the New York State minimum wage.

49. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

50. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff a "spread of hours" premium for each day that his work shift exceeded ten (10) hours in a single day, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

51. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## **STATEMENT OF CLAIM**

### **COUNT I**
### **[Violation of the Fair Labor Standards Act]**

52. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "51" of this Complaint as if fully set forth herein.

9

53. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

55. During each of the three (3) most recent years relevant to the allegations herein, JARRITOS INC. has had gross revenues in excess of $500,000.

56. During each of the three (3) most recent years relevant to the allegations herein, CHALUPA MEXICAN GRILL, INC. has had gross revenues in excess of $500,000.

57. Plaintiff worked hours for which he was not paid the statutory minimum wage.

58. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for hours worked.

59. Defendants failed to pay Plaintiff minimum wages in the lawful amount for hours worked.

60. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

61. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

62. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

63. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff.

64. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

65. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

66. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

67. Due to the reckless, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages

and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

68. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

69. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "68" of this Complaint as if fully set forth herein.

70. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

71. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

72. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

73. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

74. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day that his work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

75. Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

76. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

77. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

78. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

79. Neither at the time of his hiring, nor anytime thereafter, did Defendants notify Plaintiff in writing of their regular and overtime rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

80. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

81. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory and liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff JOSE CHUQUI respectfully requests that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f) An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
January 15, 2021

                                        Respectfully submitted,

                                        CILENTI & COOPER, PLLC
                                        *Attorneys for Plaintiff*
                                        708 Third Avenue – 6th Floor
                                        New York, NY 10017
                                        T. (212) 209-3933
                                        F. (212) 209-7102

                                        By: _____
                                                Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Jose E. Chuqui__, am an employee currently or formerly employed by __Chalupas__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
      1/25, 2019

_Jose E Chuqui_

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
## LIABILITY FOR SERVICES RENDERED

TO: Segundo C. Carchi, Manuel Aguaiza, and Jose Carchi-Gomez

PLEASE TAKE NOTICE that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Jose Chuqui and others similarly situated intend to charge you and hold you personally liable as one of the ten largest shareholders of Jarritos Inc. and Chalupa Mexican Grill, Inc., for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: New York, New York
January 15, 2021

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
Justin Cilenti